TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1781CV0568

MAROUANE BAH, Plaintiff(s)

v.

VERIZON NEW ENGLAND, INC
VERIZON ONLINE, LLC
EXPERIAN INFORMATION SOLUTIONS, INC
EQUIFAX, INC
, Defendant(s)

## SUMMONS

To the above-named Defendant: EQUIFAX, INC.

You are hereby summoned and required to serve upon MICHAEL A. SATTERWHITE plaintiff's attorney, whose address is P.O. Box 569, Revere, MA 02151, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 TRADE CENTER, WOBURN, MA 01801 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at 5:01 p.m. the 11th day of APRIL, in the year of our Lord 2017.

A true copy Attest:
Deputy Sheriff Suffolk County
7-31-17

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ....................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................

..................................................................................................

Dated: ..........................................................................................., 20..........

**N.B. TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..........................................................., 20.......... )
( _____ )

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ........, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. ..........

MARQUANE BAH .........., Plff.

v.

VERIZON NEW ENGLAND, INC.
EXPERIAN INFORMATION, INC.
VERIZON ONLINE, LLC,
EQUIFAX, INC .........., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Marouane Bah<br>ADDRESS: 41 Derby St Somerville MA | | COUNTY<br>Middlesex |
| | DEFENDANT(S): Verizon Online, LLC, Verizon New England, Inc., Experian Information Solutions, Inc., Equifax, Inc | |
| ATTORNEY: Michael Satterwhite | | |
| ADDRESS: PO Box 569<br>Revere MA 02151 | ADDRESS: 125 High Street Oliver Tower 7th Floor, Boston, Massachusetts 02110<br>22001 Loudon County Parkway Mail Code C1-3-507, Ashburn, Virginia,<br>475 Anton Boulevard, Costa Mesa, California, 92626, 1550 Peachtree St NW, Atlanta GA 30303 | |
| BBO: 686937 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other | F | ☒ YES ☐ NO |

*If "Other" please describe: BREACH OF CONTRACT, FCRA VIOLATION

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................ $
  2. Total doctor expenses ............................................................. $
  3. Total chiropractic expenses ..................................................... $
  4. Total physical therapy expenses ............................................. $
  5. Total other expenses (describe below) .................................... $
  Subtotal (A): $

B. Documented lost wages and compensation to date ................. $
C. Documented property damages to dated ................................. $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ........................................... $
F. Other documented items of damages (describe below) ............ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
FCRA

TOTAL (A-F): $ 100,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Breach of Contract

TOTAL: $ 25,000.00

Signature of Attorney/Pro Se Plaintiff: X [signature]     Date: 12-28-16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]     Date: 12-28-16

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

MIDDLESEX, ss.  SUPERIOR COURT DEPARTMENT
WOBURN DIVISION
C.A. No. 1781CV0568

MAROUANE BAH,
    Plaintiff,

v.

VERIZON NEW ENGLAND, INC,
VERIZON ONLINE, LLC
EXPERIAN INFORMATION SOLUTIONS, INC
EQUIFAX, INC
    Defendants.

## AMENDED COMPLAINT

1. The Plaintiff is a natural person who resides at 41 Derby Street, Somerville, Massachusetts 02145.

2. The Defendant, Verizon New England, Inc. (hereinafter "Verizon NE"), is a duly established corporation that maintains a place of business at 125 High Street Oliver Tower 7th Floor, Boston, Massachusetts 02110 and a Registered Agent- C T Corporation System 155 Federal Street, Boston, Massachusetts 02110.

3. The Defendant, Verizon Online, LLC (hereinafter "Verizon"), is a duly established corporation that maintains a place of business at 22001 Loudon County Parkway Mail Code C1-3-507, Ashburn, Virginia, 20147 and a Registered Agent- C T Corporation System 155 Federal Street, Boston, Massachusetts 02110.

4. The Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a duly established corporation that maintains a place of business at 475 Anton Boulevard, Costa Mesa, California, 92626 and a Registered Agent- C T Corporation System 155 Federal Street, Boston, Massachusetts 02110.

5. The Defendant, Equifax, Inc. (hereinafter "Equifax"), is a duly established corporation that maintains a place of business at 1550 Peachtree St, N.W., Atlanta, GA 30309 and a Registered Agent- Corporation Service Company 84 State Street, Boston, Massachusetts 02109.

## FACTUAL ALLEGATIONS

6. Defendant Verizon provided Plaintiff with telephone and internet service while Plaintiff resided in Washington DC to attend school and military service.

7. Plaintiff moved back to Massachusetts and was told by Defendant Verizon the service would transfer.

8. Defendant Verizon did not transfer the service to the lack of FIOS in Massachusetts at the time.

9. Defendant Verizon NE opened an account in Plaintiff's name and failed to notify Plaintiff of the entirely new account.

10. Defendant Verizon continued to charge Plaintiff for services Plaintiff was not utilizing and after Plaintiff informed Defendant Verizon of the move to Massachusetts.

11. By way of legal background, the Fair Credit Reporting Act ("hereinafter FCRA") was passed to ensure that
"consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b) (2006). "In the FCRA, Congress has recognized the crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit upon both the individual consumer and the nation's economy as a whole." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996). Consumers themselves play a role in enforcing the statute: § 1681o provides a private right of action for negligent violations, and § 1681n for willful violations.

12. Negligent noncompliance with § 1681e(b) consists of four elements: "'(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'" *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin*, 101 F.3d at 963).

13. The FCRA and its state counterpart, the MFCRA, prohibit a consumer-reporting agency from furnishing a consumer report for any purpose other than those permitted by statute. 15 U.S.C. § 1681b(a); Mass. Gen. Laws ch. 93, § 51.

14. On or about November 24, 2015, Defendant Verizon's agent, allegedly sent Plaintiff a collection notice for an amount of $411.00 for Account Number 8510438940001 to Plaintiff's address at 41 Derby St, Somerville, MA 02145.

15. On or about February 05, 2016, Defendant Verizon's agent, allegedly sent Plaintiff a collection notice for a settlement offer in the amount of $369.96 and a balance of $411.00

for Account Number 8510438940001 to Plaintiff's address at 41 Derby St, Somerville, MA 02145.

16. Defendant Verizon attempted to collect on a disputed balance and unlawfully reported a balance of $411.00 until the balance was eventually updated to a lower amount.
17. On or about September 19, 2016, Plaintiff disputed information regarding account number 6177760806551.

18. On or about September 19, 2016, Defendant, Verizon NE's agent Winona Snider, received a ACDV with Control Number 999962440652600025 with the dispute for account number 6177760806551.

19. On or about September 19, 2016, Defendant, Verizon NE's agent Winona Snider, updated Plaintiff's address as 41 Derby Street Somerville Massachusetts 02145 with Control Number 999962440652600025.

20. On or about September 19, 2016, Plaintiff disputed information regarding account number 8510438940001.

21. On or about September 19, 2016, Defendant, Verizon's agent Winona Snider, received a ACDV with Control Number 999962440652600026 with the dispute for account number 8510438940001.

22. On or about September 19, 2016, Defendant, Verizon's agent Winona Snider, updated Plaintiff's address as 642 Irving St NW Washington DC 200102906 with Control Number 999962440652600026.

23. On or about September 19, 2016, Defendant, Verizon's agent Winona Snider, updated Plaintiff's Account Status as Account paid in full, as a collection account, with Date of Law Payment as 05/20/2016, and with a 0 balance due, with Control Number 999962440652600026.

24. Upon receipt of the Plaintiff's disputes, both the credit bureaus and Verizon and Verizon NE were required by the Fair Credit Reporting Act to perform a reasonable investigation of the Plaintiff's disputes

25. Section 1681s-2 of the FCRA sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and states that a furnisher of information "shall not furnish any information relating to a consumer to any [CRA] if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). In addition, a furnisher of information shall not furnish such information to a CRA if it "has been notified by the consumer . . . that specific information is inaccurate . . . and the information is, in fact, inaccurate." Id. § 1681s-2(a)(1)(B). Subsection (b) provides that once a furnisher of information receives notice of "a dispute with regard to the completeness or accuracy of any information provided by a person to a [CRA]," it must

conduct an investigation into the disputed information and report the results of that investigation to the CRA. Id. § 1681s-2(b)(1).

26. The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements. See 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); id. §1681o (creating civil liability for negligent noncompliance with any portion of the Act).

27. Under the Federal Act, a consumer is permitted to bring an action against a furnisher who willfully or negligently fails to comply with the described requirement to participate in a consumer reporting agency's reinvestigation of disputed information.

28. Under Massachusetts law, a private person may file suit against a furnisher for willful or negligent noncompliance of the FCRA.

29. An incorrect address does not fall outside the purview of the "information" that must be verified and corrected under the FCRA. Fair Credit Reporting Act, §§ 605(h), 623(b)(1), 15 U.S.C.A. §§ 1681c(h), 1681s-2(b)(1). *Drew v. Equifax Information Services, LLC*, 690 F.3d 1100 (9th Cir. 2012).

30. Upon belief and information, Verizon provided notice to Experian, Transunion and Equifax of the payment made on May 19, 2016 in a timely manner.

31. Upon belief and information, Experian and Equifax failed to update Plaintiff's credit report properly within the 30 day period after Verizon and/or Verizon NE updated the record to reflect payment made on May 19, 2016.

32. Upon belief and information, in September of 2016, Equifax appears to have been reporting incorrect information on the Verizon NE and Verizon accounts on Plaintiff's credit report.

33. Upon belief and information, Experian appears to have been reporting incorrect information on the Verizon account on Plaintiff's credit report.

34. Plaintiff has been denied credit and a mortgage loan due to the incorrect information furnished by the Defendants.

35. Plaintiff has been impacted with higher interest rates and being declined from important credit and mortgage loans to move forward the past year.

## COUNT I
## BREACH OF CONTRACT
## Verizon and Verizon NE

36. Plaintiffs repeat and reaver all of the allegations contained in Paragraphs 1 through 35 above, as if expressly rewritten and set forth herein.

37. Plaintiff and Defendant Verizon were parties to an agreement, entered into on or about 2013.

38. By the conduct set forth herein, the Defendant Verizon had breached the terms of the agreement.

39. Defendants actions have caused substantial damage with regards to the impact of being declined for credit and paying higher interest rates.

40. As a result of Defendant Verizon's breaches of the agreement, Plaintiff has suffered and continue to suffer substantial damages and harm.

WHEREFORE Plaintiff pray for judgment for all damages as will be proved at trial, together with interest and costs and reasonable attorney's fees.

## COUNT II
## ALL DEFENDANTS – FCRA VIOLATION

41. Plaintiffs repeat and reaver all of the allegations contained in Paragraphs 1 through 40 above, as if expressly rewritten and set forth herein.

42. Section 623(a)(1)(A) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(1)(A), prohibits a person from furnishing information relating to any consumer to a consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

43. Defendants are furnishers of consumer credit information as used in Section 1681s-2 of the FCRA.

44. Section 1681n of the FCRA imposes civil liability on any furnisher "who willfully fails to comply with the requirement" of the FCRA.

45. Section 1681o of the FCRA provides for civil liability against any furnisher who is negligent in failing to comply with any requirement imposed under the FCRA.

46. On information and belief, in connection with furnishing information relating to Plaintiff to a consumer reporting agency, Defendants have furnished such information while knowing or having reasonable cause to believe that the information was inaccurate.

47. The acts and practices alleged in Paragraph 141 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

48. Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2), provides that a person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer, and (B) has furnished to a consumer reporting agency information that the person determines is not complete and accurate, shall promptly notify the consumer

reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains incomplete or inaccurate.

49. Defendants regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about their transactions or experiences with consumers.

50. The acts and practices alleged in this Complaint constitute violations of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2).

WHEREFORE Plaintiffs pray for judgment for all damages as will be proved at trial, including statutory and punitive damages provided by 15 U.S.C. § 1681n(2) together with interest and costs and reasonable attorney's fees.

WHEREFORE: The plaintiff demands judgment against the defendant on all counts of the Complaint in an amount to be determined by the court, together with statutory interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

Respectfully submitted,

Marouane Bah, Plaintiff,
By its attorneys,

_____
Michael Satterwhite BBO: 686937
The Satterwhite Law Firm, P.C.
PO Box 569
Revere, MA 02151
(781)-629-4829
MSatterwhite@maslawfirmpc.com

Dated: May 4, 2017

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

MIDDLESEX, ss.                              SUPERIOR COURT DEPARTMENT
                                            WOBURN DIVISION
                                            C.A. No. 1781CV0568

---

MAROUANE BAH,
    Plaintiff,

v.

VERIZON NEW ENGLAND, INC,
VERIZON ONLINE, LLC
EQUIFAX, INC
    Defendants.

---

### UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I am the attorney of record for the plaintiff in the above captioned matter.

In accordance with Rule 5 of the Supreme Judicial Court's Uniform Rules on Dispute Resolution (S.J.C. Rule 1:18) which provides, in relevant part, that attorneys shall "provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent." I hereby certify that I have complied with this requirement.

                                      Respectfully submitted,
                                      Marouane Bah Plaintiff,
                                      By its attorneys,

                                      _____
                                      Michael Satterwhite BBO: 686937
                                      The Satterwhite Law Firm, P.C.
                                      PO Box 569
                                      Revere, MA 02151
                                      (781)-629-4829
                                      MSatterwhite@maslawfirmpc.com

Dated: May 4, 2017